```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MICHAEL P. DAVIDSON,**
                    Petitioner,

        v.                         CASE NO. 05-3136-SAC

**DAVID R. McKUNE, et al.,**

                    Respondents.

## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. In a prior order, petitioner was given time to show cause why the Petition should not be dismissed as time barred. Petitioner has filed a Response to Order. Having considered the materials filed, the court finds as follows.

## FACTS AND PROCEDURAL HISTORY

In 1995, petitioner was convicted by a jury of first-degree murder in the District Court of Johnson County, Kansas. He appealed his conviction, and it was eventually affirmed by the Kansas Supreme Court. See State v. Davidson, 264 Kan. 44, 954 P.2d 702 (Kan. 1998).

In July, 1998, Davidson filed a state post-conviction motion pursuant to K.S.A. 60-1507 in the Johnson County trial court claiming ineffective assistance of counsel, prosecutorial misconduct and judicial misconduct. The trial judge denied the 1507 motion without a hearing and without appointing counsel. On February 8, 2002, the Kansas Court of Appeals (KCOA) reversed and

remanded the denial. They found:

> Davidson had presented substantial issues of fact and the record was devoid of conclusive evidence showing that Davidson knowingly and voluntarily waived his right to testify. (The KCOA) reversed and remanded with instructions to the trial court to appoint counsel for Davidson and hold an evidentiary hearing to address whether he had effective assistance of counsel--specifically, whether Davidson was denied the right to testify at trial.

See Davidson v. State, 82 P.3d 875, **1, 2004 WL 117333 (Kan.App. Jan. 23, 2004, unpublished).

In July, 2002, on remand the trial court held an evidentiary hearing with witnesses, reviewed videotaped statements of petitioner admitted at his criminal trial, and again denied relief. Petitioner appealed and in January, 2004, the KCOA affirmed, finding "substantial evidence supporting the trial court's determination that Davidson understood and waived his right to testify." Id., at ** 3. The Kansas Supreme Court denied Davidson's Petition for Review on March 31, 2004. Davidson executed the instant federal Petition on March 18, 2005.

**LEGAL STANDARDS**

Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a 2254 petition in federal court. This limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2).

The limitations period may also be subject to equitable

tolling; however, the burden is on the petitioner to show that "extraordinary circumstances prevented him from filing his petition on time." The Tenth Circuit Court of Appeals explained equitable tolling in Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). They held that equitable tolling is warranted only in "rare and exceptional circumstances." Id., *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Gibson, 232 F.3d at 808; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). For example, the Tenth Circuit has stated that equitable tolling is appropriate where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Gibson, 232 F.3d at 808; Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Petitioner's pro se allegations are liberally construed as generally claiming he is entitled to equitable tolling.

## **DISCUSSION**

Petitioner's 1995 state court conviction became "final" after the Kansas Supreme Court affirmed it on direct appeal (March 6,

3

1998), and the 90-day period expired for seeking a petition for certiorari review by the United States Supreme Court. Thus, the statute of limitations began running in this case on or before June 6, 1998. The limitations period was statutorily tolled thirty-three days later, on July 10, 1998, when petitioner filed his post-conviction motion pursuant to K.S.A. 60-1507 in the state trial court. At this time, Davidson had 332 days remaining in which to file his federal Petition.

This court previously thought, and stated in its show cause order to petitioner, that after his 1507 motion was initially denied[1] the time for seeking appellate review lapsed on October 25, 1998, without the filing of a timely notice of appeal, and that the limitations period recommenced as a result. This court also previously thought it had run uninterrupted until September 10, 1999,[2] when on-line records indicated a "motion to docket out of time appeal" had been filed and subsequently granted. However, petitioner alleges and shows in his response to the court's show cause order that his Notice of Appeal was not late. Petitioner exhibits an order of the state district judge dated April 5, 2000, clearly holding that petitioner's appeal of the

---

[1] The "Civil Appearance Docket" exhibited by petitioner indicates the motion was denied on October 6, 1998. Petitioner exhibits a letter to him from an attorney with Legal Services for Prisoners, Inc., which instructed how to appeal the denial of his 1507 motion and included forms for Notice of Appeal and Motion for Appointment of Counsel. The letter is dated October 14, 1998. Petitioner also exhibits a Notice of Appeal submitted by him which is file-stamped November 12, 1998. The docket has an entry on November 16, 1998, which provides "File stamp 11/12/98." The certificate of service on this pleading indicates a copy was sent to the prosecutor's office on October 15, 1998. Petitioner alleges he mailed the Notice to the Johnson County Courthouse on October 15, 1998.

[2] Kansas Appellate Courts "Case Event Detail" on-line indicated petitioner filed a motion seeking leave to appeal the denial of his state post-conviction motion out of time, and that it was granted. See Davidson v. State of Kansas, Appellate Case No. 83837, Dist. Ct. Case No. 98C8585.

4

1998 denial of his 1507 petition was not untimely, citing the prison mailbox rule. The court concludes that petitioner's first appeal in his 1507 state proceedings was not filed late. It follows that Davidson's state post-conviction proceeding was continuously "pending" from the date it was filed, July 10, 1998, until March 31, 2004, the date review was finally denied by the Kansas Supreme Court. The court concludes the statute of limitations was statutorily, rather than equitably, tolled during this time as a result.

However, it is undisputed that petitioner did not file his federal Petition until 352 days after his state post-conviction proceedings were no longer pending. Since 33 days of the limitations period had already expired in 1998, a full year of time with no state action pending expired around 20 days before petitioner filed his federal Petition. From the foregoing facts, it is apparent that even though petitioner's first appeal of denial of his 1507 petition was not late, his federal Petition was still not timely filed.

Petitioner has not satisfied his burden of showing that he is entitled to equitable tolling during any of the year's time after his conviction became "final" and while no state action was pending. He has not alleged any extraordinary circumstances beyond his control as having prevented him from filing his federal Petition during the 352 days following March 31, 2004, the date his state 1507 proceedings were completed. Moreover, he alleges no facts indicating that he diligently pursued his claims throughout this 352-day period or the 33-day period in 1998

5

during which the limitations period ran after his conviction was final before he began state post-conviction proceedings.  Thus, this court has no facts upon which to base a finding that he is entitled to equitable tolling.  The court concludes that Davidson's federal Petition was not filed within the one-year time limit prescribed by 28 U.S.C. 2244(d) and must be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED that this action is dismissed as time-barred.**

**IT IS SO ORDERED.**


Dated this 17th day of November, 2005, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge