IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL P. DAVIDSON,**

            **Petitioner,**

     v.                              CASE NO.05-3136-SAC

**DAVID R. MCKUNE, et al.,**

            **Respondents.**

**O R D E R**

Petitioner filed the instant action in March 2005, seeking federal habeas corpus relief under 28 U.S.C. § 2254 on allegations of constitutional error in his state court conviction for first-degree murder. The court dismissed that action as untimely filed within the one year limitation period imposed by 28 U.S.C. § 2244(d)(1). *See Davidson v. McKune*, 2005 WL 3088329 (D.Kan. Nov 17, 2005), *appeal dismissed*, 191 Fed.Appx. 746 (10th Cir. Aug 11, 2006).

Before the court is petitioner's motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b)(1), filed over six years later. Petitioner contends this court and the circuit court erred in failing to consider and apply the three day mailbox rule in determining the date of the Kansas Supreme Court's decision in petitioner's direct appeal, and expiration of the time for filing a motion for rehearing of that decision. The court denies petitioner's motion.[1]

---

[1] Because petitioner's motion alleges a defect in the proceedings rather than any challenge to the merits of the claims asserted for relief under § 2254, a Rule 60(b) motion is appropriate. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for .... mistake, inadvertence, surprise, or excusable neglect." Petitioner's motion, however, is filed well outside the one year period for seeking relief under this section. *See* Fed.R.Civ.P. 60(c)(1)(requiring a motion seeking relief from judgment under Rule 60(b)(1) to be filed no more than a year after the date of the judgment).

Neither is petitioner's motion filed within "a reasonable time," Fed.R.Civ.P. 6(c)(1), to any extent the pro se motion can be construed as seeking relief under the catchall provision for seeking relief for "any other reason that justifies relief," Fed.R.Civ.P. 60(b)(6). Even so, it is well established that Rule 60(b) is not a vehicle to reargue the merits of the underlying judgment, or to advance new arguments which could have been presented in the parties' original motion papers. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir.1996). Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.2002). Petitioner makes no such showing in this case.

IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (Doc. 19) is denied.

**IT IS SO ORDERED.**

DATED: This 25th day of January 2012 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge